RUSSELL *v.* CONSUMERS POWER CO.

Gas—Natural Gas—Fractured High Pressure Main—Notice—Negligence.

In action to recover damages for injuries sustained, when plaintiff lighted some papers in her furnace, from explosion of natural gas which had escaped from a fracture in defendant's

high pressure main which had been properly installed in street in front of plaintiff's house and seeped through the earth into basement of her home, evidence that defendant's service man had visited two neighboring houses, pronounced the odor found there to be sewer gas and closed the place of its entrance, and failed to visit other nearby houses, including plaintiff's, or to give warning to avoid an explosion *held,* sufficient to support jury's finding of negligence, notwithstanding opinions of experienced witnesses that the service man's investigation was adequate, his mistake and cessation of investigation not relieving defendant from liability for what he should have discovered and for his failure to take measures to protect endangered persons.

Appeal from Eaton; McPeek (Russell R.), J. Submitted October 6, 1938. (Docket No. 50, Calendar No. 40,222.) Decided December 22, 1938.

Case by Iva Russell against Consumers Power Company, a corporation, for injuries sustained when gas which had leaked out of defendant's main exploded. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Walter R. McLean* and *Richard I. Lawson,* for plaintiff.

*Kim Sigler* and *Horace Powers* (*Walter D. Kline* and *Arthur J. Paul,* of counsel), for defendant.

WIEST, C. J. ·Natural gas, escaping from a fracture in defendant's high pressure inter-city main in the street in front of plaintiff's house, seeped through the earth, into the basement of that home and exploded when plaintiff burned some papers in the furnace; she was seriously injured, brought this suit to recover damages and, upon trial by jury, had verdict and judgment.

The main was properly installed and the fracture thereof was without defendant's fault.

Right of recovery of damages turns upon the question of whether defendant had notice, actual or constructive, of such escaping gas and failed to make reasonable investigation.

About three hours before the explosion a neighbor, whose home was about 224 feet distant from plaintiff's, found gas in the basement of his home and notified defendant's local manager who at once sent an experienced service man to make investigation. Upon investigation the service man pronounced it sewer gas, cemented the place of its entrance through the basement wall and the sewer pipe, leading to an old cesspool or septic tank which had been retained as a receptacle for kitchen sink drainage only. He also visited an adjoining house where he found like gas in the basement and closed the place of its entrance.

The jury evidently found that it was defendant's natural gas in the neighbor's basement, and the service man was mistaken in thinking it sewer gas and negligent in not making further investigation and ascertaining whether the gas was present in another neighbor's house, including plaintiff's, and giving warning to avoid an explosion. There was evidence and circumstances supporting such a finding.

The opinions of witnesses, having experience in such matters, that defendant's service man made adequate investigation did not close such issue but went to the jury along with the disclosed circumstances and we find no reason for disturbing the verdict.

The mistake of the service man and consequent cessation of investigation does not release defendant from liability for it is bound by what, in reason, he should have discovered, and consequent measures

which should have been taken to protect endangered persons.

Errors alleged in admission of medical testimony relative to possibility of infection following severe burns and instruction to the jury as to claims of plaintiff have been examined and do not call for reversal.

The judgment is affirmed, with costs to plaintiff to be taxed.

BUSHNELL, SHARPE, POTTER, CHANDLER, and MC-ALLISTER, JJ., concurred.  BUTZEL and NORTH, JJ., did not sit.